## SUPREME COURT—IN BANCO.

### JANUARY TERM—1876.

*Harris and Judd, J. J.*

Rex *vs.* Chas. Wm. Kanaau.

An indictment signed "J. S. W., Attorney General *ad interim*," J. S. W. being also Minister of Finance, HELD to be good, as the duties of the office of Attorney General are not incompatible with those of the Minister of Finance.

The decision of the Court was delivered by Mr. Justice Harris, as follows:

This motion is urged on similar grounds as a like motion in the case of Rex *vs.* Akina, tried at the April term of this Court in 1866; and it will be seen by reference to the files of that case, that most, if not all the arguments used in this case were advanced then, when motion was denied by the full Court after full argument.

The first point made is that the indictment is signed "J. S. Walker, Attorney General," and that Mr. Walker's appointment as Attorney General is *ad interim*. The addition of "*ad interim*" subtracts nothing from the authority of the person holding the office. The office of the Attorney General is one which is held during the King's pleasure, is not appointable for any certain time—or for life; and the words "*ad interim*" are not in any way different in effect from "during the King's pleasure;" they are added for the purpose of indicating to all persons that the appointment is merely temporary.

It is said that the Constitution contemplates that there should be four advisers to the King—Cabinet officers—and

that it is not conforming with the Constitution when two of these offices are held by one person. This may be all very true, and it may be that a prolonged neglect to fill all the offices would be a neglect to perform the duties required by the Constitution in this respect; but it by no means follows, that in case of a vacancy occurring, by death or otherwise, His Majesty must fill it up precipitately without taking time to consider, and that he can not delegate the authority to act for the time being, to another Ministerial officer, or that all or any of the functions of government must be suspended.

But, it is said, the Cabinet is not full, His Majesty has not the requisite number of advisers. How many votes would a person doing the business of two offices give in the Legislature ? Now, it must be apparent that whether the Cabinet is full or not, or whether any one gives two votes, or none at all, in the legislature, can make no difference in the business of the Court. These questions can have no possible effect on the rights of this prisoner. Let us reverse the case and suppose a sudden vacancy in the office of the Minister of Finance, and the King asks the Attorney General to do the duties, for a short time; would it be held that his acts as Attorney General would be void ? Suppose the Minister of Interior to be doing the duties of the Minister of Finance, temporarily, or vice versa, would his acts done in both offices be void ? Or if only one, which one ? So likewise, in this case, why should we declare the acts of Mr. Walker here void any more than his acts in the Finance office ? Or shall we declare them both void. Offices subordinate or interfering with one another are incompatible, such would be Judge and Sheriff, Judge and Clerk of the Court; and it may be Minister of Finance and Register of Public Accounts. But in this case, one office is not subordinate to the other, nor do we see that the duties of one in any way interfere with the duties of the other.

It is not for the Court to inquire as to the convenience or

Rex *v.* C. W. Kanaau.

inconvenience of one person holding two appointments. Our inquiry is confined to the compatibility or incompatibility of the two offices under consideration. These two offices are not declared by the Constitution or statute to be incompatible, nor are they inherently, like the office of Judge and Sheriff.

But it is said that the Attorney General is obliged to account quarterly to the Minister of Finance for receipt of fines and penalties. So does every other officer for receipt on account of the Treasury,. as the Minister of the Interior— more especially.

Suppose, as has been said before, the Attorney General to be performing the duties *ad interim* for the Minister of Finance, he would equally have to account with the Minister of Finance on his quarterly returns. It certainly would make no difference as regards his duties as Attorney General in this Court, that he may, for the time being, be doing the duties of Minister of Finance.

It could hardly be said that this Court could depose him, or refuse him the opportunity of doing his duty as Attorney General, and certainly they would have no authority to prohibit his doing the duties of Minister of Finance. Now, will it be said that his acts as Minister of Finance were void, as, for example, his appointments of fiscal officers, granting receipts for moneys paid into the Treasury, promises to pay money by the Treasury? Most certainly not.

This furnishes us an analogy for the question presented by this motion.

We cannot say that the performance of the duty of presenting this indictment by the duly Commissioned Attorney General is rendered impossible by the fact of his also holding a Commission as Minister of Finance.

Motion overruled.

E. Preston for the Crown.

A. S. Hartwell for prisoner.